May it please the Court, Counsel. My name is Daniel Hillesum with the Federal Public Defender's Office and I represent Mr. Ryan Gibbs on this appeal. He raises one issue. The adequacy. The sufficiency of the Judge's explanation for 28-month upward variance. Range in this case was 151-188 months. When the judge gave a 216 month sentence. Once the judge chooses a sentence, he must state the reasons for it and the statement must be adequate to explain the amount of an upward variance. So he has to make the statement after the sentence rather than before? Seems that way under Gaul. And it makes perfect sense because we're going to marshal facts in support of guideline factors that show basis for an upward variance. It's appropriate to set those things out separately from the factors that generally support whatever the chosen sentence might be. We ask for something more specific when we're giving something that is more punitive or a mitigating, set of mitigating reasons for something that is less punitive. Why does the order matter? As long as there's an adequate basis somewhere in the record. Articulated before or after the ultimate sentence is pronounced. I can only go with what Gaul says, which makes sense to me sequentially. To say, state what it is that you're considering, excuse me, give the sentence and the sufficient reasons for it. And to the extent there's a variance, provide the specific things that inform the court for purposes of meaningful appellate review to know what things there were beyond the general justifications in the 3553A that might have supported any enhancement. I think whatever he said, he said it in open court, right? He did, but it's all up to the point prior where he's addressing the arguments in response to mitigation. My client asked for a 120 month sentence, which may have been shooting a bit low. So 120 months- It makes more sense to me that it ought to go the way the judge determines the sentence. But here, if we're to say that's so, the mitigating arguments were laid out. The judge also heard from the government for the aggravating factors. But the judge was specifically addressing through pages 20 through about 27 responses. You think this is Judge Gilbert's first sentencing? No, no, absolutely not. He's very experienced, and so that's why it's important. And that's exactly why it doesn't really make any difference whether he says it before or afterwards, right? Other than, again, I'm just saying what Gall says, especially about being sufficient and to be specific. And we don't have any of those things. We have about seven pages of an explanation for why you shouldn't get a low sentence, which we accept. But then why should he get 28 months higher than the high end of the guideline range? It's essentially a 10-word explanation based on the 3553A factors. Judge finds that there's a basis for an upward variance. If that's the right understanding of Gall, then everybody's been doing it wrong all these years. I mean, this is just really a novel argument. I certainly did it wrong before the sentencing guidelines. I imagine Gall was thoughtful and laid things out in the sequence that the Supreme Court thought was preferable. So far as courts doing everything right or doing everything wrong, we've got a recent history under supervised release, which there are no challenges here, where things have been done for a long time and maybe not appropriately. So I can only say what Gall says. But I can also say that there is not, even under this court's jurisprudence in the United States v. Warner, an adequate explanation for the decision to give the 28-month upward variance. And we could say it could be either before or afterwards? That would be your prerogative, of course, Your Honor. I think textually my argument is comporting with what Gall says. If there's not a necessity of a particular sequence, we'd still have a problem with the adequacy of the explanation. It wasn't adequate. The judge adequately explained the reason for rejecting the requested lenience, articulated his reasons for that, but didn't do anything in similar fashion to justify the upward variance. That's where the problem lies. Independent of the sequential aspect of what happened, there's not an adequate explanation that allows this court to conduct meaningful appellate review for the reasons that support the upward variance of 28 months. And it's a significant amount of time. For that matter, any amount of time is significant under United States v. Pennington. This court's made that observation in the past. So, in our view, the sentence should be vacated. The matter should be remanded due to the procedural error. I'll comment only briefly as to the government's reliance in Annarino and Nanya. Both of those cases, which the government relies on heavily, are an opposite. Neither case deals with a challenge to the sufficiency of the explanation when there's an upward variance. I reserve the balance of my time, lest the court has questions. Okay, thank you very much, Mr. Holmes. Ms. Robertson? Thank you. May it please the court, counsel. My name's Amanda Robertson. I'm representing the United States. And I was the counsel in the district court. And this court, we had an earlier discussion about repeaters. And I would inform the court that I was also the counsel of record in 1998, when this defendant had his first case in front of Judge Gilbert. So, I'm dealing specifically with a repeater, as was Judge Gilbert. The district court did not commit procedural error when imposing this sentence. What the law requires is the sentencing court to provide a record that merely assures this court that the sentencing court considered the statutory provisions. Judge Gilbert did a very thorough job in considering the 3553A factors. How did he pick the number 216 months for the sentence? Your Honor, I don't know how he picked the number 216 months. I know that that's the number that the government recommended was appropriate, based on the 3553A factors. I know that when the court- That's what the government recommended, wasn't it? That's what the government recommended. 216. What was the theory of the 216? What was the basis of the recommendation?  weighed against the defendant. How do you get to a number like 216? Judge, there's some, again, you look at what is sufficient, and the court and the government believed, and ultimately the court believed, that the 216 months, which was below the 240 maximum allowable in this case, that 216 months adequately addressed and served the 3553A factors. And I believe in this case, even at sentencing, the government thought that, made mention that the factors probably supported a 240 month sentence in this case, however- But did the government give a reason why it had picked 216 months? What the government did was it said, when you look at all the 3553A factors, the government believes that the 216 month sentence is appropriate to address all of the aggravating factors in this case. Why 216 rather than 215 or 217? Judge, that's- Just plucked out of the air. Based on 3553A factors, that's the recommendation. But 3553A doesn't generate a number. The guidelines generate a number, and in this case, the district court specifically addressed why the guideline range was not sufficient. 188, would that have been the top of the guideline? That was the top of the guideline range. So he adds 28 months. Just under 15%. And what the district court said was that the guideline range was insufficient in certain areas, and those areas being the crime, to punish the defendant for the crimes that he committed in this case, which dealt with selling crack cocaine and cocaine while not only on parole, but also on home confinement, also on electronic monitoring and wearing an ankle bracelet. The judge actually said nothing has deterred you. Nothing, whether even the sentences that Judge Gilbert had imposed or any other court, or any other judge had imposed, nothing had deterred him. And that- But if nothing deters him, why didn't he give him the 240 month sentence? Judge, if he could have, and I think that it would have been supportable by the record. And again, I would indicate, we're here on the procedural error, whether or not the district court committed procedural error. We're not talking, it was not raised or briefed whether the 216 months was substantively reasonable. What we're talking about is procedural error. And did the district court make a record? It's just odd, this plucking of numbers out of the air. And the government believes that the district court- I mean, you'd think he'd say, well, I could give him 240 months. I could stick with 188. But I think the sentence should be in between. But shouldn't he explain how he hit on 216? Judge, what he did is he addressed 3553 factors and how they- No, no, 3553 factors do not generate a number, a length of sentence. So I'm just curious whether judges are just picking these numbers out of a hat or whether they actually make a computation of some sort that yields a specific length of sentence. And if we were dealing with a substantive reasonableness question, the issue would be, was 216 months reasonable under the facts of this case and under the history and characteristics of the defendant? Well, what if the defendant or the defendant's lawyer asked the judge, hey, judge, how did you pick 216? What would the judge say? I think in this case, the judge would probably reiterate the record that he had done. And he did a thorough job of considering the sentence- But he never explained how he reached that number. I would think it'd be embarrassing for a judge not to be able to explain the sentence. Your Honor, respectfully, we believe that Judge Gilbert did justify- No, he never explained how he picked 216. He had a range, presumably, from 188 to 240. So he might have said, well, you know, I don't know what he would have said. I don't know what I would say in that situation. How you pluck a number like that. And what he did was he picked a sentence that was sufficient but not too severe to serve the purposes that he believed he was obligated to serve. Your Honor, the government believes there was no procedural error in this case and would respectfully request that the court affirm the judgment of the district court. Thank you. Okay, thanks, Mr. Robertson. So, Mr. Hillis, do you have anything to prove? Unless I misheard the government. The government said it doesn't know why the judge picked 216 months. I think that's the problem here. We should be able to look at the transcript and see the exact reasons why the judge picked 216 months. We have the judge saying all the reasons to reject mitigating arguments. He then selects a sentence of 216 months. But he doesn't cite the facts that the government just recited about committing the offense while in supervision, or the ankle monitor issue, or any of those things. It was probably enough that he said nothing that we've sent you to deters you. I don't know why he didn't give him the maximum. Well, we're thankful that he didn't. Well, then, why are you appealing? I didn't file the appeal. We were appointed on the appeal. I had no counsel. This is, I think, a legitimate issue, though. We could send it back and suggest that maybe you should give him the maximum. I hope that you don't. The problem is, Judge Gilbert is well-respected. Judge, you've been at this a long time. But this shouldn't pass regardless of how experienced the judge is. The necessity of an adequate explanation is inherent, regardless of the experience and tenure of the judge. This is inadequate. We ask that my client be given a chance to get re-sentenced. And of course, you can expect that we're going to try to argue Pepper and everything else that we can show about post-sentencing mitigation in order to help this guy get a lower sentence. It's a long time. He's taken every shot that he can to help himself reduce the total amount of time that he's in prison. With that, I have nothing further. Okay, thank you, Mr. Hillis. And a special thanks to you and the defenders for your three appearances. Thank you. And we thank you for all this as well. So the court will be in recess.